[S. F. No. 14994. In Bank.—August 31, 1933.]

PHILIP O. SOLON, Petitioner, v. THE STATE BAR OF CALIFORNIA et al., Respondents.

William H. Hollander for Petitioner.

Philbrick McCoy for Respondents.

THE COURT.—Petitioner has filed an application for a writ of mandate directing the respondents to include his name on the list of candidates and on the ballot for the election of members of the Board of Governors of The State Bar, to be voted for in State Bar District No. 3 at the election to be held between the dates of August 30 and September 13, 1933. It is not disputed by the respondents that petitioner has offered to the respondents for filing the necessary nomination papers required by the State Bar Act. Respondents, however, contend that, under the State Bar Act, as amended by the recent act of the legislature (Stats. 1933, chap. 430), the petitioner is not qualified to be a candidate at said election in State Bar District No. 3, for the reason that he now maintains, and if elected would maintain, his principal office for the practice of law inside the city of Oakland.

Section 9 of the State Bar Act provides that two members of the Board of Governors shall be elected from State Bar District 3, and that "one member of the board from State Bar District 3 to be elected in 1933 for a two- (2) year term, and any successor to said member, at the time of his election shall, and any member from said district may, maintain his principal office for the practice of law *outside* of the city of Oakland". (Italics added.) Petitioner contends that the language just quoted refers only to the successor to the member of the Board of Governors elected in 1933, and does not apply to the one to be voted for and elected this year.

A further provision of the State Bar Act (sec. 14) provides that "the eight (8) members of the board [of governors] whose terms of office do not expire until the annual

meeting to be held in 1934 shall continue in office until the expiration of their terms, and shall be deemed to have been elected from the respective State Bar districts in which their respective principal offices were located at the date of their election''. It appeared during the argument as a fact that one of the eight members of the Board of Governors elected at the election held in 1932, and whose term does not expire until the meeting to be held in 1934, resides in, and maintains his office for the practice of law in, the city of Oakland. Under the provisions of the State Bar Act just quoted, he will be a member of the Board of Governors representing State Bar District 3 for the ensuing year. It seems reasonable, therefore, to apply the mandatory provision relative to the maintenance of his principal place of business to the member of the board from district 3 to be elected in 1933, and to hold that it was the intention of the framers of the amendment to the State Bar Act to require such member and his successor to maintain their principal offices for the practice of law outside of the city of Oakland, and to permit the other member from the district to maintain his office either within or without the city of Oakland.

If it were not a matter of judicial knowledge, as we think it is, the roll of attorneys of this court shows that the attorneys in the city of Oakland outnumber the attorneys in other portions of district 3, composed, as it is, of the counties of Alameda, Contra Costa and Santa Clara. The purpose of the framers of the amendment to the State Bar Act appears to have been to provide that at all times one member of the Board of Governors from the district shall maintain his principal office for the practice of law outside the city of Oakland. The same situation exists in State Bar District No. 7, comprising the county of Los Angeles. A very much larger number of attorneys have their principal offices in the city of Los Angeles than in the rest of the county. The State Bar, as amended, contains a provision with reference to district 7 similar to that relating to district 3. The situation in these two districts furnishes the reason for the legislation, and assists us in arriving at the intention of the framers of the act.

The petition for the writ of mandate is denied.